UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PAUL LEWIS, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | 1:13-cv-78-SEB-TAB |
| BEVERLY GILMORE, | ) ) ) | |
| Defendant. | ) | |

**Entry Discussing Motion for Summary Judgment**

The parties to this civil rights action are plaintiff Paul Lewis, an Indiana prison, and defendant Beverly Gilmore, who was formerly employed by the Indiana Department of Correction ("DOC") at the facility where the plaintiff was confined. Lewis' claim is that in 2011 Casework Manager Beverly Gilmore permitted his cell to be opened and Lewis to be raped. He seeks "permanent injunctions, compensatory damages [and] punitive damages," although the claim for injunctive relief has been dismissed. In addition, claims against other defendants were dismissed pursuant to 28 U.S.C. § 1915A(b) as legally insufficient in paragraphs 4 and 5 of the Entry of January 27, 2014.

Defendant Gilmore has appeared by counsel and seeks resolution of Lewis' claim through the entry of summary judgment. Lewis has not responded to that motion.

For the reasons explained in this Entry, the motion for summary judgment must be **granted.**

**Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

Defendant Gilmore challenges Lewis' claim for lack of evidence. The moving party on summary judgment need not do more. *See Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013) (moving party may simply point out "an absence of evidence to support the nonmoving party's case"). The court will enter summary judgment against a party who does not "come forward with evidence that would reasonably permit the finder of fact to find in [its] favor on a material question." *Id.* at 1167. Once the movant discharges her burden, the burden shifts to the nonmovant to "make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex*, 477 U.S. at 322. To satisfy this burden, a nonmovant must "go beyond the pleadings . . . to demonstrate that there is evidence upon which a jury could properly proceed to find a verdict in her favor." *Modrowski*, 712 F.3d at 1169 (internal quotation marks omitted). "A plaintiff may not defeat the defendant's properly supported motion for summary judgment without offering any significant probative evidence tending to support the complaint." *Tri-Gen Inc. v. Int'l Union of Operating Engineers, Local 150, AFL-CIO*, 433 F.3d 1024, 1038 (7th Cir. 2006).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor

of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.,* 45 F.3d 231, 234 (7th Cir. 1995); *Doe v. R.R. Donnelley & Sons Co.,* 42 F.3d 439, 443 (7th Cir. 1994). However, "before a non-movant can benefit from a favorable view of the evidence, it must show that there is some genuine evidentiary dispute." *SMS Demag Aktiengesellschaft v. Material Scis. Corp.*, 565 F.3d 365, 368 (7th Cir. 2009).

Lewis has not opposed the motion for summary judgment. The consequence of this is that he has conceded the defendant's version of the facts. The Seventh Circuit has "consistently held that a failure to respond by the non-movant as mandated by the local rules is an admission." *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003)("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

### Findings of Fact

At the time pertinent to his claim in this action Lewis was confined at the Wabash Valley Correctional Facility ("Wabash Valley"), assigned to Cell A-1201, and Gilmore was a casework manager at Wabash Valley.

Lewis has a longtime nemesis, Lake County Deputy Sheriff Sullivan. Lewis alleges that on June 18, 2011, Gilmore permitted Sullivan to enter the Wabash Valley cell house to which Lewis was assigned, that Gilmore did so in return for having been paid $500 by Sullivan, and that Gilmore drugged Lewis, causing Lewis to become unconscious and enabling Sullivan to rape Lewis. In contrast to this allegation of misconduct by Gilmore, however, Lewis testified to the following in his deposition:

- Lewis does not know whether Sullivan paid Gilmore $500 to allow Sullivan to rape Lewis.

- Lewis does not know whether Gilmore drugged him, causing Lewis to become unconscious.

- Lewis does not know whether Sullivan entered his cell while he was passed out.

- Lewis does not know whether Gilmore allowed Sullivan into the Wabash Valley facility on June 18, 2011.

- Lewis does not know whether Sullivan raped him.

It is known and is undisputed, however, that Sullivan did not visit Lewis at the Wabash Valley facility on June 18, 2011 and that Gilmore could not bring visitors such as Sullivan into Lewis' cell house.

## Discussion

This action is brought pursuant to 42 U.S.C. § 1983, "the ubiquitous tort remedy for deprivations of rights secured by federal law (primarily the Fourteenth Amendment) by persons acting under color of state law." *Jackson v. City of Joliet,* 715 F.2d 1200, 1201 (7th Cir. 1983), *cert. denied,* 465 U.S. 1049 (1984). To state a claim under 42 U.S.C. ' 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Jurisdiction for such claims is conferred by 28 U.S.C. § 1331. "'A plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused the unconstitutional actions.'" *Alejo v. Heller,* 328 F.3d 930, 936 (7th Cir. 2003) (quoting *Duncan v. Duckworth,* 644 F.2d 653, 655 (7th Cir. 1981)).

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis,* 118 S. Ct. 1708, 1719 (1998) (citation omitted). The constitutional provision pertinent to Lewis' claim is the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *Helling v. McKinney,* 509 U.S.

25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.").

The Eighth Amendment places a duty on prison officials "to take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan,* 511 U.S. 825, 832 (1970). Prison conditions violate the Eighth Amendment if they pose a substantial risk of serious harm and prison officials are deliberately indifferent to the risk. *See id.,* 511 U.S. at 837. "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" *Id.* at 834 (quoting *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981)). Similarly, the law is clearly established that guards "may not administer their personal brand of punishment." *Herron v. Meyer*, 820 F.3d 860, 863 (7th Cir. 2016)(citing cases).

> Failure to provide such protection, however, violates the Eighth Amendment's prohibition of cruel and unusual punishment only if "deliberate indifference by prison officials [to the prisoner's welfare] effectively condones the attack by allowing it to happen [.]" *Haley v. Gross,* 86 F.3d 630, 640 (7th Cir. 1996). Thus, in order that he might sustain his Eighth Amendment claim, Lewis must demonstrate that the defendants had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it.

*Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997)(some internal quotations and citations omitted).

To establish the claim he asserts, therefore, Lewis must show that the defendant had actual knowledge that he was at serious risk of being harmed. *Tidwell v. Hicks*, 791 F.3d 704, 708 (7th Cir. 2015)(citing cases). Determining if prison officials had knowledge of a risk and then disregarded it is a question of fact. *Peate v. McCann,* 294 F.3d 879, 882 (7th Cir. 2002); *Mayoral v. Sheahan,* 245 F.3d 934, 938 (7th Cir. 2001) (citing *Farmer,* 511 U.S. at 842).

In this case, the only version of events shown by the evidentiary record is that the defendant did not procure Deputy Sullivan's presence on Lewis' housing unit at Wabash Valley on June 18,

2011 and played no role in any assault on Lewis by Deputy Sullivan on that date. The only version of events shown by the evidentiary record further shows that the defendant was not aware of impending danger to Lewis and was not deliberately indifferent to any such danger. The defendant knew of no risk of danger to Lewis from Deputy Sullivan and did nothing to create a risk of danger to Lewis from Deputy Sullivan. There could be no violation of Lewis' Eighth Amendment rights by the defendant under these circumstances. *Wimberly v. Julius*, 606 F. App'x 309, 310 (7th Cir.)("the district court correctly dismissed this claim because Wimberly did not allege that the prison officials were aware that a substantial risk of serious harm existed, or that Wimberly himself had any advanced warning that his cellmate posed a danger to him."), *cert. denied,* 136 S. Ct. 504 (2015).

## Conclusion

"After one party has filed a motion for summary judgment, 'the burden shifts to the non-moving party to show through specific evidence that a triable issue of fact remains on issues [on] which the non-movant bears the burden of proof at trial.'" *Pharma Bio, Inc. v. TNT Holland Motor Express, Inc.,* 102 F.3d 914, 916 (7th Cir. 1996) (quoting *Walker v. Shansky,* 28 F.3d 666, 670-71 (7th Cir. 1994)). "The nonmovant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted); *see* Fed.R.Civ.P. 56(c)(1)(A),B)(both the party "asserting that a fact cannot be," and a party asserting that a fact is genuinely disputed, must support their assertions by "citing to particular parts of materials in the record," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.").

The non-movant fails to demonstrate a genuine issue for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party . . . ." *Matsushita*

*Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). In this case, Lewis has failed to come forward with evidence creating a disputed question of material fact as to whether the defendant was deliberately indifferent to his safety. Accordingly, the defendant's motion for summary judgment [Dkt. 39] must be **granted**.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 9/2/2016

*[signature]*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

PAUL LEWIS
873084
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Electronically Registered Counsel